HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

FRANCES T. MILLER,

        Plaintiff,

    v.

VERIZON WIRELESS LONG-TERM DISABILITY PLAN,

        Defendant.

Case No. C06-5409RBL

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

    This matter is before the court on defendants' Motion to Dismiss under Fed. R. Civ. P. 12(b)(6). [Dkt. #8] The case involves Plaintiff Frances Miller's ERISA claim for long term disability benefits under her former employer's (Verizon's) Long Term Disability Plan. She claims she was disabled and unable to work beginning on June 24, 2002, due to a psychiatric disability. Defendant seeks dismissal, arguing that the Plaintiff's claims are time barred under the Plan.

    The factual and procedural background of the case is not disputed. Miller filed a claim for benefits from Verizon's Short Term Disability Plan on July 7, 2002. Her claim related to a pituitary tumor and bipolar disorder. That claim was denied on September 4, 2002. She requested a review of that decision, and after additional medical consultation, the Short Term Plan provider (Kemper) upheld the denial of benefits on November, 2002. A year later, she brought an action seeking short term disability benefits. Judge Bryan of this Court granted the Plan's Motion for Summary Judgment upholding that denial in July, 2005. *See Miller*

ORDER
Page - 1

*v. Verizon Wireless Short Term Disability Plan*, No. 03-5668, 2005 WL 1719893 (2005). Apparently, Miller's appeal of that decision in now pending before the Ninth Circuit.

The Plaintiff contends that, through counsel, she informed the Plan that her disability was permanent in November 2003. She filed a claim seeking Long Term Disability benefits in May, 2004. This claim was denied in June, 2004, and she appealed that decision in November, 2004. The denial of benefits was upheld in a decision dated July 12, 2005. Miller filed her application to proceed in forma pauperis in this action on July 24, 2006, and her Complaint was filed on or about October 19, 2006.

Under the Long Term Disability Plan at issue, Miller was eligible for benefits if, due to a qualifying mental or physical condition, she was unable to perform the Essential Functions of her job during the Benefit Qualifying Period and the following 24 months, resulting in her inability to earn more than 80% of her pre-disability monthly income. The Benefit Qualifying Period is defined in the Plan as the last to occur of (1) the termination of her benefits under any salary continuation or short term disability benefits plan, or (2) 26 weeks of disability. [Dtk. #8 at Ex. B, p.5]

The Plan requires one seeking benefits under it to "file a claim for benefits as soon as is reasonably possible but in no event more than 30 days after the period for which you are filing a claim." [Dtk. #8 at Ex. B, p.10] It further requires the filing of a proof of claim "no later than 30 days prior to the end of the Benefit Qualifying Period, or as soon as possible thereafter." [Dtk. #8 at Ex. B, ] Additionally, the Plan has a limitations period for legal actions, which prohibits legal claims filed "less than 90 days after a proof of claim is filed, or more than three years after the date when proof of [the] claim was required." [Dtk. #8 at Ex. B, p. 17]

Defendant argues that Plaintiff Miller's Benefit Qualifying Period expired December 26, 2002, which it calculates as 26 weeks after the date of her disability, which she claims began on June 24, 2002. Under the Plan, Miller's proof of claim for long term benefits was required to be filed no later than 30 days prior to that date. Defendant contends that Plaintiff did not give any notice of a claim for long term disability benefits until almost a year later, in November 2003, and that she did not file a formal proof of claim for such benefits until May 2004. Finally, it argues, she did not file this action until July of 2006, more than three years after November 26, 2002 – the date it argues her proof of claim was required to be filed under the Plan. Thus, it

argues, her claim and her lawsuit are time barred.[1]

Plaintiff Miller apparently does not dispute these dates or the Plan's terms. Instead, she argues that because the Plan's denial of her Long Term Disability Benefits claim, dated July 12, 2005, did not reference the claims untimeliness, the Defendant has waived that defense. She does not cite any authority for the provision, and the court is aware of none. A waiver, of course, is the voluntarily relinquishment of a known right. There is no evidence and no real argument that Defendant intended to waive the Plan's limitations periods by denying Miller's claim on the merits, and by not informing her that her claim was also time barred. Additionally, even if it did operate as a waiver of the untimeliness of her *proof of claim*, it did not address the timeliness of her *legal action*, which had not yet been filed.

Plaintiff argues that her Long Term Disability Benefits claim was an "extension" of her pending (and apparently timely) Short Term Disability benefits claim. However, she cites no authority for this position.

On the other hand, Defendant cites *Shealy v. Unum life Ins. Co. of America*, 979 F.Supp. 395 (S.C. 1997) for the proposition that the denial of a Short Term claim does not preserve an untimely Long Term claim. Indeed, the Plan itself anticipates that one may file a Long Term claim after filing a Short Term claim, and uses the date of the latter as one way of measuring the limitations period for filing the former. [*See* Dtk. #8 at Ex. B, p.5]

Finally, Plaintiff's claim that the Social Security Administration's determination of disability is somehow binding on the Plan, despite the untimeliness of her claim against it, is not supported or supportable. The court agrees that there was no waiver on these facts, and that Plaintiff's claim and her lawsuit are not timely. Defendant's motion to Dismiss [Dkt. # 8] is GRANTED and Plaintiff's claims are DISMISSED WITH PREJUDICE.

DATED this 16th day of January, 2007

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE

---

[1] Defendant also argues that the determination that she was not disabled, made in connection with her Short Term Disability benefits claim, has been upheld by this court, and that Plaintiff therefore cannot revisit that issue here. Because the Motion is resolved on the timeliness issue, this issue is not addressed.

ORDER
Page - 3